UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GALLAGHER MORTGAGE COMPANY, INC. a
Massachusetts corporation,

               Plaintiff,

vs.                              Case No. 2:08-cv-599-FtM-29SPC

SONOMA WINE GROUP, INC. a Florida
corporation; KURT W. KRAUSE an
individual; ELIZABETH KRAUSE an
individual; THOMAS E. MURPHY an
individual; JOHN P. HOULIHAN an
individual; STEPHANIE L. OLSEN an
individual,

               Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Thomas E. Murphy's Motion for Relief from Judgment and for Oral Argument (Doc. #34) filed on March 16, 2010. No response has been filed, and the time to respond has passed.

Defendant Thomas E. Murphy (Murphy) was named in Count XI only of an eleven-count Complaint (Doc. #1, pp. 35-37). Murphy was properly served on August 7, 2008 (Doc. #15), but failed to respond in any way to the case. On October 2, 2008, the Clerk of the Court entered a default (Doc. #20) against Murphy, and on January 26, 2009, the Court entered a Default Judgment (Doc. #31) against Murphy in the principal amount of $224,000 plus accruing interest,

and costs. Over fourteen months later, Murphy seeks relief from the Judgment pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 60(b)(4) on the ground that the Judgment is void. Because Murphy is mistaken, the motion will be denied.

Federal Rule of Civil Procedure 60(b) provides exceptions to the finality rule which allow a party to seek relief from a final judgment under a limited set of circumstances. <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528-29 (2005). Specifically, Rule 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if]. . . the judgment is void[.]  In general, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." <u>Oldfield v. Pueblo De Bahia Lora, S.A.</u>, 558 F.3d 1210, 1216 (11th Cir. 2009)(citation and internal quotations omitted). As the Supreme Court stated recently:

> A void judgment is a legal nullity. Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. [ ] The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.
>
> A judgment is not void, for example, simply because it is or may have been erroneous. [ ] Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. [ ] Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a

> certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

United Student Aid Funds, Inc. v. Espinosa, ___ S. Ct. ___, 2010 WL 1027825, at *6, 2010 U.S. LEXIS 2750, at *19-20 (Mar. 23, 2010))(citation and internal quotations omitted).

Murphy's issue falls into none of these categories. Rather, Murphy merely asserts that Count XI failed to state a claim upon which relief could be granted. This is a defense which must be asserted by timely motion, Fed. R. Civ. P. 12(b)(6), or in a pleading, motion for judgment on the pleadings, or at trial, Fed. R. Civ. P. 12(h)(2). This argument was never presented in this case in any of these fashions. "[T]he failure to state a claim is not a jurisdictional question." Gholston v. Hous. Auth. of Montgomery, 818 F.2d 776, 780 (11th Cir. 1987). A court will not decide whether the plaintiff failed to state a claim unless the defendant preserved that defense in the district court pursuant to Fed. R. Civ. P. 12(h)(2), and failure to do so waives the issue. Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1353-54 (11th Cir. 1998). "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." United Student Aid Funds, Inc. v. Espinosa, 2010 WL at *8, 2010 U.S. LEXIS, at *28.

Accordingly, it is now

**ORDERED:**

Defendant Thomas E. Murphy's Motion for Relief from Judgment and for Oral Argument (Doc. #34) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of April, 2010.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff
Counsel of record